HARRIS, J.,
delivered the opinion of the Court.
The plaintiff instituted his action on the case in the Circuit Court of Henderson county against the defendants. And the cause of action, as set out in the declaration, is, that Elisha Collins, defendants’ testator, induced the plaintiff to sign and publish a certain communication in a newspaper derogatory to the character of one Jones; that for this publication, Jones instituted his action for a libel against the plaintiff, said Collins, and one J. R. Graves, the editor of the paper in which the publication appeared, and recovered judgment for the sum of seven thousand five hundred dollars damages; that, pending the suit, said Collins died, and that plaintiff had been compelled to pay the sum of two thousand dollars on said judgment; and that Collins, to induce plaintiff to sign and publish said communication, had promised to save him harmless; and that said publication was made by plaintiff without any intention on his part to injure said Jones, but solely for the accommodation of said Collins.
*395 There is also a second count in the declaration, setting out the cause of action as above, but averring that said Collins had undertaken and promised to save the plaintiff harmless from said publication since the same was made.
To this declaration defendants demurred; and the demurrer was sustained by the Circuit Court, and the suit was dismissed. From this judgment the plaintiff has prosecuted an appeal in error to this Court. And now it is insisted for the plaintiff that, although the act of making the publication was illegal, yet he did not know it to be so at the time the publication was made, and that the declaration avers that it was made without any intention on his part to injure said Jones; and the case of Hunter & Baker vs. Agee, 5 Humph. R., 57, is referred to to sustain this position.
In that case, Hunter & Baker executed their bond to Agee, by which they bound themselves to indemnify him against any damages he might be put to for selling a horse which he, as constable, had levied on as the property of one Wilson, by virtue of an execution in his hands in favor of said Baker and against said Wilson. Wilson had sued and recovered against Agee for selling the horse, and the action was brought on the bond, to recover from Hunter & Baker the amount he had been compelled to pay to Wilson.
The defendants pleaded that Wilson was the head of a family; was engaged in agriculture; that he owned but the one horse, and that he was not the owner of any mule or yoke of oxen; and that said horse was by law exempt from execution; and that the plaintiff had levied on said horse in violation of his duty and the laws of the land; and that the foregoing was the only consideration *396 for which said bond was given, etc. To this plea there was replication and rejoinder, to which the plaintiff demurred. The Court gave judgment for the plaintiff, on the ground that the plea did not state that Agee, the officer, knew that the horse levied on was the only horse owned by Wilson. “He may have believed that the defendant in the execution owned other horses than the one levied on, from aught that appeared in the plea.” It was upon the principle that he was ignorant of the fact which rendered his act illegal, that he was entitled to recover on this obligation.
But, in the case before us, the plaintiff was not ignorant of the libellous charges contained in the publication before he made it; and he cannot be presumed to be ignorant of the law, nor will the averment that he intended no injury to the party libelled avail him. In contemplation of law, he is presumed to have known and intended the legal consequences of his acts. The result is, that the promise declared on was an undertaking to indemnify him against an illegal act, and is therefore void. Nor does the second count in the declaration, in which it is averred that the defendants’ testator promised, after the illegal publication was made, to save him harmless, avail him any thing. This promise rests upon the same illegal consideration, and is also void. “We take it to be a principle of law, too well established to be now called in question, that no liability can be created by a subsequent promise, where no legal obligation ever existed previously, unless supported by a new and sufficient consideration.” See Bates vs. Watson, 1 Sneed’s R., 379.
We therefore think that the judgment of the Circuit Court was correct, and it is affirmed.